By the Court, Coweu, J.
It is not denied that Dr. Paine held a proper licence to practice; and the question is, whether such a man, residing and practicing in a county of this state, is by law entitled to admission as a member of the county society, although they believe him to be a quack, and it is known that he is in an open quarrel with them, and has slandered them professionally.
The statute seems to impose a general obligation upon the society to receive every regularly licensed physician resident in tire county, as a member; (vid. 1 R. S. 448, 2d ed. § 1, 2, 16, 24, 25;) and does not in terms allow the society to raise any objection; though it sanctions his expulsion for gross professional ignorance or misconduct, or when his conduct or habits are immoral. To effect his expulsion, specific charges must be ■ preferred to and established before the judges of the county court. (1 R. S. 448, 9, 2d ed.) And on conviction he may be expelled and declared to be disqualified for ever after; or he may be suspended from practice.
*667 It is sufficiently established in proof that the relator has wilfully departed in his practice from the approved and established rules of the medical profession; in short, that his practice is, in the opinion of the society, habitually empirical. This appears to b.e, in .their opinion, the - result either of gross ignorance in his profession, or it amounts to gross misconduct; and therefore they refuse to admit him. It is insisted by his counsel that he must be admitted at all events, and that if the society desire to prevent his practicing, they must prefer charges and proceed to a trial in the form prescribed by the statute. I incline to think they are not bound to do . this, but may, prior to the admission of the candidate, in all cases, inquire and satisfy themselves whether any of -the causes exist for which they might prefer charges against him; and on concluding in the affirmative may refuse to admit him as a member. To be sure, they ought to make a clear case on our being moved for a mandamus.
But if I am mistaken in supposing the society have a right to inquire, and refuse, I yet feel quite clear, that, under the circumstances of this case, we ought not' to compel the admission of Dr. Paine into a' society whose feelings he has outraged, and whose rules of practice he has openly set at defiance. We are enabled to - see a moral certainty that, though the candidate should be received, he would either be expelled or suspended in the regular way, for the very cause of refusing to admit him. Seeing this, it would be indiscreet to interfere. On application for a writ of mandamus, we must sometimes exercise a discretion; and it has been said, that even where the officer of a corporation has been irregularly removed, yet if the court see good cause for removal, this prerogative writ shall not go to command a restoration. The reason given is, that by proceeding in a regular vray, another amotion would' follow for the same cause. (Rex v. The Mayor, &c. of Axbridge,, Cowp. 523. And see per Ashhurst, J. in Rex v. The Mayor, &c. of London, 2 T. R. 181, 2.)
In the case before us, it is- fully in’ proof by professional *668 witnesses, men who understand the subject, that Dr. Paine«is practically a quack in his profession. This implies gross ignorance, or gross misconduct, or both. We see that, if admitted, he should be expelled by the judges of the county court. And in the exercise of a proper discretion upon such proof, if on no other ground, we ought not to interfere.
Motion denied.